UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FERNANDO AUSTRIA, on behalf of himself**   CASE NO. _____
**and other similarly situated individuals**

**VERSUS**

**WD MASONRY, L.L.C.,**
**WILLAIM MATHIS, AND**
**GUY KOONTZ**

_____

**COMPLAINT – COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT**
_____

NOW INTO COURT, through undersigned counsel, comes Mr. Fernando Austria, who respectfully submits this *Complaint—Collective Action Under Fair Labor Standards Act*, and avers as follows:

1.

This is an action brought by Mr. Fernando Austria ("Mr. Austria"), who is a former employee of defendant WD Masonry, L.L.C. ("WD Masonry"). Mr. Austria seeks redress on behalf of himself and all others similarly situated for the defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

2.

The putative collective action group consists of scores of, and possibly over one hundred, construction workers currently or previously employed by WD Masonry, who were paid on a straight hourly basis and have not received the overtime to which they are entitled under the Fair Labor Standards Act.

3.

The plaintiff seeks restitution of unpaid wages, an award of damages, attorneys' fees, and costs to make the plaintiff and the collective action members whole for the damages they have suffered due to the defendants' violations of law.

*Jurisdiction*

4.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

*Venue*

5.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as well as 29 U.S.C. §1854(a). A substantial part of the conduct complained of herein occurred within this District.

*The Parties*

6.

At all times pertinent to this action, the plaintiff and other hourly employees of WD Masonry were employed by the defendants to perform construction work, much of which was performed in the Parish of East Baton Rouge, Louisiana.

7.

The plaintiff and the collective action members were employees of the defendant WD Masonry during the time period to which this action pertains.

8.

Defendant WD Masonry is a limited liability company organized under the laws of the State of Louisiana and is authorized to do and is doing business in Louisiana. On information and belief, WD Masonry is a manager managed limited liability company.

9.

At all times relevant herein defendant Guy Koontz ("Mr. Koontz") was the managing member of WD Masonry. Upon information and belief, Mr. Koontz assisted in the implementation of the policy of WD Masonry to not pay overtime compensation to certain employees.

10.

On information and belief, defendant William D. Mathis ("Mr. Mathis") is a member of WD Masonry and actively involved with the implementation of the policy of WD Masonry to not pay overtime compensation to certain employees.

*Statement of Facts*

11.

WD Masonry provides construction services throughout the greater Baton Rouge area and elsewhere in Louisiana.

12.

WD Masonry employed Mr. Austria for numerous years starting in 2011 and ending in January of 2017. During that time, Mr. Austria consistently worked far in excess of 40 hours per week.

13.

Throughout the entire time Mr. Austria was employed by WD Masonry, Mr. Austria worked a consistent schedule of 7 a.m. to 6 p.m., six days a week. Accordingly, Mr. Austria worked approximately sixty-six hours each week.

14.

During the first several years of employment with defendants, Mr. Austria would be paid by the hour without receiving overtime compensation. Thereafter, Mr. Austria still continued to receive hourly compensation; however, defendants changed their payroll practice by indicating on the check stub of Mr. Austria that he was being paid by the number of blocks that he laid, and not by the hour. At all times relevant to this action, Mr. Austria's pay corresponded directly to the number of hours worked for defendants.

15.

Despite the fact that Mr. Austria was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

16.

The defendants have also willfully and improperly avoided paying overtime to many other employees. Mr. Austria is aware of dozens of other current and former employees of WD Masonry who worked there without receiving overtime pay.

*FLSA Collective Action Allegations*

17.

The claims set forth above are brought by the plaintiff on behalf of himself and all persons who were, are, or will be employed by WD Masonry during the applicable statutes of

limitations, who were not compensated at 1 and 1/2 times their regular rate of pay for hours worked in excess of 40 hours per week.

18.

Mr. Austria seeks to represent similarly situated construction workers who were paid on an hourly basis without receiving overtime pay from WD Masonry during the applicable statutes of limitation.

19.

The defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include scores of individuals, and perhaps well over one hundred people. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

20.

There are questions of fact and law common to the class, including whether WD Masonry failed to pay overtime wages as required by the FLSA.

21.

The plaintiff and the collective action members he seeks to represent are similarly situated and are subject to the defendants' unlawful employment practices outlined above. Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for the plaintiff are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

*Failure to Pay Overtime Violation of FLSA*

22.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-20 above as if fully contained herein.

23.

The FLSA applies to the defendants' employment of the plaintiff and other employees engaged in construction work.

24.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half (1 1/2) times the employee's regular rate for all hours worked in excess of 40 hours per week.

25.

The defendants have willfully refused to pay overtime to the plaintiff and the collective action members whom he seeks to represent for hours worked in excess of 40 hours per week.

26.

Attached hereto and made a part hereof as Exhibit A is the *FLSA Consent to Sue* form executed by Mr. Austria in accordance with 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mr. Fernando Austria, on his own behalf and on behalf of the collective action members he seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of

limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

3. An order appointing plaintiff and his counsel to represent the collective action members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA;

5. A judgment declaring that Mr. Guy Koontz and Mr. William Mathis are liable *in solido* with WD Masonry, L.L.C. for damages as provided by the FLSA, including liquidated damages, reasonable attorney's fees, costs, and expenses of this action; and

6. Any other relief that this Court deems just.

**Respectfully Submitted**:

/S James R. Bullman
James R. Bullman (LSBA # 35064)—T.A.
james@estesdavislaw.com
Daniel B. Davis (LSBA # 30141)
dan@estesdavislaw.com
Randall E. Estes (LSBA # 22359)
randy@estesdavislaw.com
**ESTES DAVIS LAW, LLC**
850 North Boulevard
Baton Rouge, LA 70802
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
*Counsel for Plaintiff*